# Exhibit B

# UNITED STATES OF AMERICA
## CONSUMER FINANCIAL PROTECTION BUREAU

**File No. 2023-CFPB-0003**

| | |
|---|---|
| **In the matter of:**<br><br>**ONEMAIN FINANCIAL HOLDINGS, LLC; ONEMAIN FINANCIAL GROUP, LLC; ONEMAIN FINANCIAL (HI), INC.; ONEMAIN FINANCIAL, INC.; ONEMAIN FINANCIAL OF MINNESOTA, INC.** | **STIPULATION AND CONSENT TO THE ISSUANCE OF A CONSENT ORDER** |

The Consumer Financial Protection Bureau (Bureau) intends to initiate an administrative proceeding against OneMain Financial Holdings, LLC; OneMain Financial Group, LLC; OneMain Financial (HI), Inc.; OneMain Financial, Inc.; OneMain Financial of Minnesota, Inc. (OneMain or Respondent), under 12 U.S.C. §§ 5563 and 5565, for using deceptive, unfair, and abusive acts and practices to market, sell, and finance optional ancillary products (Optional Add-On Products) in violation of Sections 1031 and 1036(a)(1)(B) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5531(c), 5531(d)(1) and 5536(a)(1)(B).

1

Respondent, in the interest of compliance and resolution of the matter, and without admitting or denying any wrongdoing, consents to the issuance of a Consent Order substantially in the form of the one to which this Stipulation and Consent to the Issuance of a Consent Order is attached (Consent Order), and which is incorporated by reference.

In consideration of the above premises, Respondent agrees to the following:

### Jurisdiction

1. The Bureau has jurisdiction over this matter under §§ 1053 and 1055 of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5563, 5565.

### Consent

2. Respondent agrees to the issuance of the Consent Order, without admitting or denying any of the findings of fact or conclusions of law, except that Respondent admits the facts necessary to establish the Bureau's jurisdiction over Respondent and the subject matter of this action.

3. Respondent agrees that the Consent Order will be deemed an "order issued with the consent of the person concerned" under 12 U.S.C. § 5563(b)(4), and agrees that the Consent Order will become a final order, effective

upon issuance, and will be fully enforceable by the Bureau under 12 U.S.C. §§ 5563(d)(1) and 5565.

4.  Respondent voluntarily enters into this Stipulation and Consent to the Issuance of a Consent Order.

5.  The Consent Order resolves only Respondent's potential liability for law violations that the Bureau asserted or might have asserted based on the practices described in Section IV of the Consent Order, to the extent such practices occurred before the Effective Date and the Bureau knows about them as of the Effective Date. Respondent acknowledges that no promise or representation has been made by the Bureau or any employee, agent, or representative of the Bureau, about any liability outside of this action that may have arisen or may arise from the facts underlying this action or immunity from any such liability.

6.  Respondent agrees that the facts described in Section IV of the Consent Order will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding before the Bureau to enforce the Consent Order, or in any subsequent civil litigation by the Bureau to enforce the Consent Order or its rights to any payment or monetary judgment under the Consent Order, such as a non-dischargeability complaint in any bankruptcy case.

7. The terms and provisions of this Stipulation and the Consent Order will be binding upon, and inure to the benefit of, the parties hereto and their successors in interest.

8. Respondent agrees that the Bureau may present the Consent Order to the Bureau Director for signature and entry without further notice.

### Waivers

9. Respondent, by consenting to this Stipulation, waives:

   a. Any right to service of the Consent Order, and agrees that issuance of the Consent Order will constitute notice to Respondent of its terms and conditions;

   b. Any objection to the jurisdiction of the Bureau, including, without limitation, under section 1053 of the CFPA, 12 U.S.C. § 5563;

   c. The rights to all hearings under the statutory provisions under which the proceeding is to be or has been instituted; the filing of proposed findings of fact and conclusions of law; proceedings before, and a recommended decision by, a hearing officer; all post-hearing procedures; and any other procedural right available under section 1053 of the CFPA, 12 U.S.C. § 5563, or 12 CFR Part 1081;

d.  The right to seek any administrative or judicial review of the Consent Order;

e.  Any claim for fees, costs or expenses against the Bureau, or any of its agents or employees, and any other governmental entity, related in any way to this enforcement matter or the Consent Order, whether arising under common law or under the terms of any statute, including, but not limited to the Equal Access to Justice Act and the Small Business Regulatory Enforcement Fairness Act of 1996; for these purposes, Respondent agrees that Respondent is not the prevailing party in this action because the parties have reached a good faith settlement;

f.  Any other right to challenge or contest the validity of the Consent Order;

g.  Such provisions of the Bureau's rules or other requirements of law as may be construed to prevent any Bureau employee from participating in the preparation of, or advising the Director as to, any order, opinion, finding of fact, or conclusion of law to be entered in connection with this Stipulation or the Consent Order; and

h.  Any right to claim bias or prejudgment by the Director based on

the consideration of or discussions concerning settlement of all or

any part of the proceeding.

ONEMAIN BY:

_____          May 26, 2023
CEO and President                                           Date