# Exhibit F



(C) on the impact of the imposition of such fees on financial literacy, particularly among—

(i) the elderly;

(ii) low-income individuals; and

(iii) individuals that lack computer access; and

(D) that includes recommendations on how to ensure that the individuals described in subparagraph (C) are not negatively impacted by the imposition of fees to receive paper statements, including recommendations—

(i) on whether covered persons under this title should be—

(I) prohibited from charging fees for paper statements;

(II) prohibited from automatically enrolling individuals in e-statement or other electronic delivery programs without the express consent of the individual, in the manner described in section 101(c)(1) of the Electronic Signatures in Global and National Commerce Act (15 U.S.C. 7001(c)(1)); and

(III) prevented from charging fees for the use of paper checks as payment; and

(ii) for proposed regulatory or statutory changes to ensure that such individuals are able to access paper copies of financial statements without fees or unnecessary hindrance.

---

SA 4070. Mr. CORNYN submitted an amendment intended to be proposed to amendment SA 3739 proposed by Mr. REID (for Mr. DODD (for himself and Mrs. LINCOLN)) to the bill S. 3217, to promote the financial stability of the United States by improving accountability and transparency in the financial system, to end "too big to fail", to protect the American taxpayer by ending bailouts, to protect consumers from abusive financial services practices, and for other purposes; which was ordered to lie on the table; as follows:

On page 1304, strike line 10 and all that follows through page 1310, line 16, and insert the following:

**SEC. 1036. PROHIBITED ACTS.**

It shall be unlawful for any covered person—

(1) to—

(A) advertise, market, offer, or sell a consumer financial product or service not in conformity with this title or applicable rules or orders issued by the Bureau;

(B) enforce, or attempt to enforce, any agreement with a consumer (including any term or change in terms in respect of such agreement), or impose, or attempt to impose, any fee or charge on a consumer in connection with a consumer financial product or service that is not in conformity with this title or applicable rules or orders issued by the Bureau; or

(C) engage in any unfair, deceptive, or abusive act or practice that violates this title or applicable rules or orders issued by the Bureau,

except that no person shall be held to have violated this paragraph solely by virtue of providing or selling time or space to a person placing an advertisement;

(2) to fail or refuse, as required by Federal consumer financial law, or any rule or order issued by the Bureau thereunder—

(A) to permit access to or copying of records;

(B) to establish or maintain records; or

(C) to make reports or provide information to the Bureau; or

(3) knowingly or recklessly to provide substantial assistance to another person in violation of the provisions of section 1031, or any rule or order issued thereunder, and notwithstanding any provision of this title, the provider of such substantial assistance shall be deemed to be in violation of that section to the same extent as the person to whom such assistance is provided.

**SEC. 1037. EFFECTIVE DATE.**

This subtitle shall take effect on the designated transfer date.

**Subtitle D—Preservation of State Law**

**SEC. 1041. RELATION TO STATE LAW.**

(a) IN GENERAL.—

(1) RULE OF CONSTRUCTION.—This title, other than sections 1044 through 1048, may not be construed as annulling, altering, or affecting, or exempting any person subject to the provisions of this title from complying with, the statutes, regulations, orders, or interpretations in effect in any State, except to the extent that any such provision of law is inconsistent with the provisions of this title, and then only to the extent of the inconsistency.

(2) GREATER PROTECTION UNDER STATE LAW.—For purposes of this subsection, a statute, regulation, order, or interpretation in effect in any State is not inconsistent with the provisions of this title if the protection that such statute, regulation, order, or interpretation affords to consumers is greater than the protection provided under this title. A determination regarding whether a statute, regulation, order, or interpretation in effect in any State is inconsistent with the provisions of this title may be made by the Bureau on its own motion or in response to a nonfrivolous petition initiated by any interested person.

(b) RELATION TO OTHER PROVISIONS OF ENUMERATED CONSUMER LAWS THAT RELATE TO STATE LAW.—No provision of this title, except as provided in section 1083, shall be construed as modifying, limiting, or superseding the operation of any provision of an enumerated consumer law that relates to the application of a law in effect in any State with respect to such Federal law.

(c) ADDITIONAL CONSUMER PROTECTION REGULATIONS IN RESPONSE TO STATE ACTION.—

(1) NOTICE OF PROPOSED RULE REQUIRED.—The Bureau shall issue a notice of proposed rulemaking whenever a majority of the States has enacted a resolution in support of the establishment or modification of a consumer protection regulation by the Bureau.

(2) BUREAU CONSIDERATIONS REQUIRED FOR ISSUANCE OF FINAL REGULATION.—Before prescribing a final regulation based upon a notice issued pursuant to paragraph (1), the Bureau shall take into account whether—

(A) the proposed regulation would afford greater protection to consumers than any existing regulation;

(B) the intended benefits of the proposed regulation for consumers would outweigh any increased costs or inconveniences for consumers, and would not discriminate unfairly against any category or class of consumers; and

(C) a Federal banking agency has advised that the proposed regulation is likely to present an unacceptable safety and soundness risk to insured depository institutions.

(3) EXPLANATION OF CONSIDERATIONS.—The Bureau—

(A) shall include a discussion of the considerations required in paragraph (2) in the Federal Register notice of a final regulation prescribed pursuant to this subsection; and

(B) whenever the Bureau determines not to prescribe a final regulation, shall publish an explanation of such determination in the Federal Register, and provide a copy of such explanation to each State that enacted a resolution in support of the proposed regulation, the Committee on Financial Services of the House of Representatives, and the Committee on Banking, Housing, and Urban Affairs of the Senate.

(4) RESERVATION OF AUTHORITY.—No provision of this subsection shall be construed as limiting or restricting the authority of the Bureau to enhance consumer protection standards established pursuant to this title in response to its own motion or in response to a request by any other interested person.

(5) RULE OF CONSTRUCTION.—No provision of this subsection shall be construed as exempting the Bureau from complying with subchapter II of chapter 5 of title 5, United States Code.

(6) DEFINITION.—For purposes of this subsection, the term "consumer protection regulation" means a regulation that the Bureau is authorized to prescribe under the Federal consumer financial laws.

**SEC. 1042. PRESERVATION OF ENFORCEMENT POWERS OF STATES.**

(a) IN GENERAL.—

(1) ACTION BY STATE.—The attorney general (or the equivalent thereof) of any State may bring a civil action in the name of such State, as parens patriae on behalf of natural persons residing in such State, in any district court of the United States in that State or in State court having jurisdiction over the defendant, to enforce provisions of this title or regulations issued thereunder and to secure remedies under provisions of this title or remedies otherwise provided under other law. A State regulator may bring a civil action or other appropriate proceeding to enforce the provisions of this title or regulations issued thereunder with respect to any entity that is State-chartered, incorporated, licensed, or otherwise authorized to do business under State law, and to secure remedies under provisions of this title or remedies otherwise provided under other provisions of law with respect to a State-chartered entity.

(2) RULE OF CONSTRUCTION.—Except as provided in paragraph (3), no provision of this title shall be construed as modifying, limiting, or superseding the operation of any provision of an enumerated consumer law that relates to the authority of a State attorney general or State regulator to enforce such Federal law.

(3) FEE STRUCTURE.—

(A) IN GENERAL.—Neither an attorney general of a State nor a State regulator may enter into a contingency fee agreement for legal services relating to a civil action or other proceeding under this section.

(B) DEFINITION.—For purposes of this paragraph, the term "contingency fee agreement" means a contract or other agreement to provide services under which the amount or the payment of the fee for the services is contingent in whole or in part on the outcome of the matter for which the services were obtained.

---

SA 4071. Mr. CARPER (for himself, Mr. BAYH, Mr. JOHNSON, and Mr. WARNER) submitted an amendment intended to be proposed to amendment SA 3739 proposed by Mr. REID (for Mr. DODD (for himself and Mrs. LINCOLN)) to the bill S. 3217, to promote the financial stability of the United States by improving accountability and transparency in the financial system, to end "too big to fail", to protect the American taxpayer by ending bailouts, to protect consumers from abusive financial services practices, and for other purposes; as follows:

On page 1309, strike line 15, and all that follows through page 1325, line 20 and insert the following:

Case 1:26-cv-02117-PAE   Document 104-6   Filed 06/01/26   Page 3 of 4

## SEC. 1042. PRESERVATION OF ENFORCEMENT POWERS OF STATES.

(a) IN GENERAL.—

(1) ACTION BY STATE.—Except as provided in paragraph (2), the attorney general (or the equivalent thereof) of any State may bring a civil action in the name of such State in any district court of the United States in that State or in State court that is located in that State and that has jurisdiction over the defendant, to enforce provisions of this title or regulations issued under this title, and to secure remedies under provisions of this title or remedies otherwise provided under other law. A State regulator may bring a civil action or other appropriate proceeding to enforce the provisions of this title or regulations issued under this title with respect to any entity that is State-chartered, incorporated, or State, licensed, or otherwise authorized to do business under State law (except as provided in paragraph (2)), and to secure remedies under provisions of this title or remedies otherwise provided under other provisions of law with respect to such an entity.

(2) ACTION BY STATE AGAINST NATIONAL BANK OR FEDERAL SAVINGS ASSOCIATION TO ENFORCE RULES.—

(A) IN GENERAL.—Except as permitted under subparagraph (B), the attorney general (or equivalent thereof) of any State may not bring a civil action in the name of such State against a national bank or Federal savings association with respect to an act or omission that would be a violation of a provision of this title.

(B) ENFORCEMENT OF RULES PERMITTED.—The attorney general (or the equivalent thereof) of any State may bring a civil action in the name of such State against a national bank or Federal savings association in any district court of the United States in the State or in State court that is located in that State and that has jurisdiction over the defendant to enforce a regulation prescribed by the Bureau under a provision of this title and to secure remedies under provisions of this title or remedies otherwise provided under other law.

(3) RULE OF CONSTRUCTION.—No provision of this title shall be construed as modifying, limiting, or superseding the operation of any provision of an enumerated consumer law that relates to the authority of a State attorney general or State regulator to enforce such Federal law.

(b) CONSULTATION REQUIRED.—

(1) NOTICE.—

(A) IN GENERAL.—Before initiating any action in a court or other administrative or regulatory proceeding against any covered person as authorized by subsection (a) to enforce any provision of this title, including any regulation prescribed by the Bureau under this title, a State attorney general or State regulator shall timely provide a copy of the complete complaint to be filed and written notice describing such action or proceeding to the Bureau and the prudential regulator, if any, or the designee thereof.

(B) EMERGENCY ACTION.—If prior notice is not practicable, the State attorney general or State regulator shall provide a copy of the complete complaint and the notice to the Bureau and the prudential regulator, if any, immediately upon instituting the action or proceeding.

(C) CONTENTS OF NOTICE.—The notification required under this paragraph shall, at a minimum, describe—

(i) the identity of the parties;

(ii) the alleged facts underlying the proceeding; and

(iii) whether there may be a need to coordinate the prosecution of the proceeding so as not to interfere with any action, including any rulemaking, undertaken by the Bureau,

a prudential regulator, or another Federal agency.

(2) BUREAU RESPONSE.—In any action described in paragraph (1), the Bureau may—

(A) intervene in the action as a party;

(B) upon intervening—

(i) remove the action to the appropriate United States district court, if the action was not originally brought there; and

(ii) be heard on all matters arising in the action; and

(C) appeal any order or judgment, to the same extent as any other party in the proceeding may.

(c) REGULATIONS.—The Bureau shall prescribe regulations to implement the requirements of this section and, from time to time, provide guidance in order to further coordinate actions with the State attorneys general and other regulators.

(d) PRESERVATION OF STATE AUTHORITY.—

(1) STATE CLAIMS.—No provision of this section shall be construed as altering, limiting, or affecting the authority of a State attorney general or any other regulatory or enforcement agency or authority to bring an action or other regulatory proceeding arising solely under the law in effect in that State.

(2) STATE SECURITIES REGULATORS.—No provision of this title shall be construed as altering, limiting, or affecting the authority of a State securities commission (or any agency or office performing like functions) under State law to adopt rules, initiate enforcement proceedings, or take any other action with respect to a person regulated by such commission or authority.

(3) STATE INSURANCE REGULATORS.—No provision of this title shall be construed as altering, limiting, or affecting the authority of a State insurance commission or State insurance regulator under State law to adopt rules, initiate enforcement proceedings, or take any other action with respect to a person regulated by such commission or regulator.

## SEC. 1043. PRESERVATION OF EXISTING CONTRACTS.

This title, and regulations, orders, guidance, and interpretations prescribed, issued, or established by the Bureau, shall not be construed to alter or affect the applicability of any regulation, order, guidance, or interpretation prescribed, issued, and established by the Comptroller of the Currency or the Director of the Office of Thrift Supervision regarding the applicability of State law under Federal banking law to any contract entered into on or before the date of enactment of this Act, by national banks, Federal savings associations, or subsidiaries thereof that are regulated and supervised by the Comptroller of the Currency or the Director of the Office of Thrift Supervision, respectively.

## SEC. 1044. STATE LAW PREEMPTION STANDARDS FOR NATIONAL BANKS AND SUBSIDIARIES CLARIFIED.

(a) IN GENERAL.—Chapter one of title LXII of the Revised Statutes of the United States (12 U.S.C. 21 et seq.) is amended by inserting after section 5136B the following new section:

## "SEC. 5136C. STATE LAW PREEMPTION STANDARDS FOR NATIONAL BANKS AND SUBSIDIARIES CLARIFIED.

"(a) DEFINITIONS.—For purposes of this section, the following definitions shall apply:

"(1) NATIONAL BANK.—The term 'national bank' includes—

"(A) any bank organized under the laws of the United States; and

"(B) any Federal branch established in accordance with the International Banking Act of 1978.

"(2) STATE CONSUMER FINANCIAL LAWS.—The term 'State consumer financial law' means a State law that does not directly or indirectly discriminate against national banks and

that directly and specifically regulates the manner, content, or terms and conditions of any financial transaction (as may be authorized for national banks to engage in), or any account related thereto, with respect to a consumer.

"(3) OTHER DEFINITIONS.—The terms 'affiliate', 'subsidiary', 'includes', and 'including' have the same meanings as in section 3 of the Federal Deposit Insurance Act.

"(b) PREEMPTION STANDARD.—

"(1) IN GENERAL.—State consumer financial laws are preempted, only if—

"(A) application of a State consumer financial law would have a discriminatory effect on national banks, in comparison with the effect of the law on a bank chartered by that State;

"(B) the State consumer financial law is preempted in accordance with the legal standard of the decision of the Supreme Court of the United States in Barnett Bank of Marion County, N.A. v. Nelson, Florida Insurance Commissioner, et al., 517 U.S. 25 (1996), and any preemption determination under this subparagraph may be made by a court, or by regulation or order of the Comptroller of the Currency on a case-by-case basis, in accordance with applicable law; or

"(C) the State consumer financial law is preempted by a provision of Federal law other than this title.

"(2) SAVINGS CLAUSE.—This title and section 24 of the Federal Reserve Act (12 U.S.C. 371) do not preempt, annul, or affect the applicability of any State law to any subsidiary or affiliate of a national bank (other than a subsidiary or affiliate that is chartered as a national bank).

"(3) CASE-BY-CASE BASIS.—

"(A) DEFINITION.—As used in this section the term 'case-by-case basis' refers to a determination pursuant to this section made by the Comptroller concerning the impact of a particular State consumer financial law on any national bank that is subject to that law, or the law of any other State with substantively equivalent terms.

"(B) CONSULTATION.—When making a determination on a case-by-case basis that a State consumer financial law of another State has substantively equivalent terms as one that the Comptroller is preempting, the Comptroller shall first consult with the Bureau of Consumer Financial Protection and shall take the views of the Bureau into account when making the determination.

"(4) RULE OF CONSTRUCTION.—This title does not occupy the field in any area of State law.

"(5) STANDARDS OF REVIEW.—

"(A) PREEMPTION.—A court reviewing any determinations made by the Comptroller regarding preemption of a State law by this title or section 24 of the Federal Reserve Act (12 U.S.C. 371) shall assess the validity of such determinations, depending upon the thoroughness evident in the consideration of the agency, the validity of the reasoning of the agency, the consistency with other valid determinations made by the agency, and other factors which the court finds persuasive and relevant to its decision.

"(B) SAVINGS CLAUSE.—Except as provided in subparagraph (A), nothing in this section shall affect the deference that a court may afford to the Comptroller in making determinations regarding the meaning or interpretation of title LXII of the Revised Statutes of the United States or other Federal laws.

"(6) COMPTROLLER DETERMINATION NOT DELEGABLE.—Any regulation, order, or determination made by the Comptroller of the Currency under paragraph (1)(B) shall be made by the Comptroller, and shall not be delegable to another officer or employee of the Comptroller of the Currency.

Case 1:26-cv-02117-PAE   Document 104-6   Filed 06/01/26   Page 4 of 4

"(c) SUBSTANTIAL EVIDENCE.—No regulation or order of the Comptroller of the Currency prescribed under subsection (b)(1)(B), shall be interpreted or applied so as to invalidate, or otherwise declare inapplicable to a national bank, the provision of the State consumer financial law, unless substantial evidence, made on the record of the proceeding, supports the specific finding regarding the preemption of such provision in accordance with the legal standard of the decision of the Supreme Court of the United States in Barnett Bank of Marion County, N.A. v. Nelson, Florida Insurance Commissioner, et al., 517 U.S. 25 (1996).

"(d) PERIODIC REVIEW OF PREEMPTION DETERMINATIONS.—

"(1) IN GENERAL.—The Comptroller of the Currency shall periodically conduct a review, through notice and public comment, of each determination that a provision of Federal law preempts a State consumer financial law. The agency shall conduct such review within the 5-year period after prescribing or otherwise issuing such determination, and at least once during each 5-year period thereafter. After conducting the review of, and inspecting the comments made on, the determination, the agency shall publish a notice in the Federal Register announcing the decision to continue or rescind the determination or a proposal to amend the determination. Any such notice of a proposal to amend a determination and the subsequent resolution of such proposal shall comply with the procedures set forth in subsections (a) and (b) of section 5244 of the Revised Statutes of the United States (12 U.S.C. 43 (a), (b)).

"(2) REPORTS TO CONGRESS.—At the time of issuing a review conducted under paragraph (1), the Comptroller of the Currency shall submit a report regarding such review to the Committee on Financial Services of the House of Representatives and the Committee on Banking, Housing, and Urban Affairs of the Senate. The report submitted to the respective committees shall address whether the agency intends to continue, rescind, or propose to amend any determination that a provision of Federal law preempts a State consumer financial law, and the reasons therefor.

"(e) APPLICATION OF STATE CONSUMER FINANCIAL LAW TO SUBSIDIARIES AND AFFILIATES.—Notwithstanding any provision of this title or section 24 of Federal Reserve Act (12 U.S.C. 371), a State consumer financial law shall apply to a subsidiary or affiliate of a national bank (other than a subsidiary or affiliate that is chartered as a national bank) to the same extent that the State consumer financial law applies to any person, corporation, or other entity subject to such State law.

"(f) PRESERVATION OF POWERS RELATED TO CHARGING INTEREST.—No provision of this title shall be construed as altering or otherwise affecting the authority conferred by section 5197 of the Revised Statutes of the United States (12 U.S.C. 85) for the charging of interest by a national bank at the rate allowed by the laws of the State, territory, or district where the bank is located, including with respect to the meaning of 'interest' under such provision.

"(g) TRANSPARENCY OF OCC PREEMPTION DETERMINATIONS.—The Comptroller of the Currency shall publish and update no less frequently than quarterly, a list of preemption determinations by the Comptroller of the Currency then in effect that identifies the activities and practices covered by each determination and the requirements and constraints determined to be preempted.".

(b) CLERICAL AMENDMENT.—The table of sections for chapter one of title LXII of the Revised Statutes of the United States is amended by inserting after the item relating to section 5136B the following new item:

"Sec. 5136C. State law preemption standards for national banks and subsidiaries clarified.".

## SEC. 1045. CLARIFICATION OF LAW APPLICABLE TO NONDEPOSITORY INSTITUTION SUBSIDIARIES.

Section 5136C of the Revised Statutes of the United States (as added by this subtitle) is amended by adding at the end the following:

"(h) CLARIFICATION OF LAW APPLICABLE TO NONDEPOSITORY INSTITUTION SUBSIDIARIES AND AFFILIATES OF NATIONAL BANKS.—

"(1) DEFINITIONS.—For purposes of this subsection, the terms 'depository institution', 'subsidiary', and 'affiliate' have the same meanings as in section 3 of the Federal Deposit Insurance Act.

"(2) RULE OF CONSTRUCTION.—No provision of this title or section 24 of the Federal Reserve Act (12 U.S.C. 371) shall be construed as preempting, annulling, or affecting the applicability of State law to any subsidiary, affiliate, or agent of a national bank (other than a subsidiary, affiliate, or agent that is chartered as a national bank).".

## SEC. 1046. STATE LAW PREEMPTION STANDARDS FOR FEDERAL SAVINGS ASSOCIATIONS AND SUBSIDIARIES CLARIFIED.

(a) IN GENERAL.—The Home Owners' Loan Act (12 U.S.C. 1461 et seq.) is amended by inserting after section 5 the following new section:

## "SEC. 6. STATE LAW PREEMPTION STANDARDS FOR FEDERAL SAVINGS ASSOCIATIONS CLARIFIED.

"(a) IN GENERAL.—Any determination by a court or by the Director or any successor officer or agency regarding the relation of State law to a provision of this Act or any regulation or order prescribed under this Act shall be made in accordance with the laws and legal standards applicable to national banks regarding the preemption of State law.

"(b) PRINCIPLES OF CONFLICT PREEMPTION APPLICABLE.—Notwithstanding the authorities granted under sections 4 and 5, this Act does not occupy the field in any area of State law.".

(b) CLERICAL AMENDMENT.—The table of sections for the Home Owners' Loan Act (12 U.S.C. 1461 et seq.) is amended by striking the item relating to section 6 and inserting the following new item:

"Sec. 6. State law preemption standards for Federal savings associations and subsidiaries clarified.".

## SEC. 1047. VISITORIAL STANDARDS FOR NATIONAL BANKS AND SAVINGS ASSOCIATIONS.

(a) NATIONAL BANKS.—Section 5136C of the Revised Statutes of the United States (as added by this subtitle) is amended by adding at the end the following:

"(i) VISITORIAL POWERS.—

"(1) IN GENERAL.—In accordance with the decision of the Supreme Court of the United States in Cuomo v. Clearing House Assn., L. L. C. (129 S. Ct. 2710 (2009)), no provision of this title which relates to visitorial powers or otherwise limits or restricts the visitorial authority to which any national bank is subject shall be construed as limiting or restricting the authority of any attorney general (or other chief law enforcement officer) of any State to bring an action against a national bank in a court of appropriate jurisdiction to enforce an applicable law and to seek relief as authorized by such law.

"(j) ENFORCEMENT ACTIONS.—The ability of the Comptroller of the Currency to bring an enforcement action under this title or section 5 of the Federal Trade Commission Act does not preclude any private party from enforcing rights granted under Federal or State law in the courts.".

(b) SAVINGS ASSOCIATIONS.—Section 6 of the Home Owners' Loan Act (as added by this title) is amended by adding at the end the following:

"(c) VISITORIAL POWERS.—The provisions of sections 5136C(i) of the Revised Statutes of the United States shall apply to Federal savings associations, and any subsidiary thereof, to the same extent and in the same manner as if such savings associations, or subsidiaries thereof, were national banks or subsidiaries of national banks, respectively.

---

**SA 4072.** Mr. GRASSLEY (for himself and Mrs. McCASKILL) submitted an amendment intended to be proposed to amendment SA 3739 proposed by Mr. REID (for Mr. DODD (for himself and Mrs. LINCOLN)) to the bill S. 3217, to promote the financial stability of the United States by improving accountability and transparency in the financial system, to end "too big to fail", to protect the American taxpayer by ending bailouts, to protect consumers from abusive financial services practices, and for other purposes; as follows:

Strike 989B, insert the following:

## SEC. 989B. DESIGNATED FEDERAL ENTITY INSPECTORS GENERAL INDEPENDENCE.

Section 8G of the Inspector General Act of 1978 (5 U.S.C. App.) is amended—

(1) in subsection (a)(4)—

(A) in the matter preceding subparagraph (A), by inserting "the board or commission of the designated Federal entity, or in the event the designated Federal entity does not have a board or commission," after "means";

(B) in subparagraph (A), by striking "and" after the semicolon; and

(C) by adding after subparagraph (B) the following:

"(C) with respect to the Federal Labor Relations Authority, such term means the members of the Authority (described under section 7104 of title 5, United States Code);

"(D) with respect to the National Archives and Records Administration, such term means the Archivist of the United States;

"(E) with respect to the National Credit Union Administration, such term means the National Credit Union Administration Board (described under section 102 of the Federal Credit Union Act (12 U.S.C. 1752a);

"(F) with respect to the National Endowment of the Arts, such term means the National Council on the Arts;

"(G) with respect to the National Endowment for the Humanities, such term means the National Council on the Humanities; and

"(H) with respect to the Peace Corps, such term means the Director of the Peace Corps;"; and

(2) in subsection (h), by inserting "if the designated Federal entity is not a board or commission, include" after "designated Federal entities and".

## SEC. 989C. STRENGTHENING INSPECTOR GENERAL ACCOUNTABILITY.

Section 5(a) of the Inspector General Act of 1978 (5 U.S.C. App.) is amended—

(1) in paragraph (12), by striking "and" after the semicolon;

(2) in paragraph (13), by striking the period and inserting a semicolon; and

(3) by adding at the end the following:

"(14)(A) an appendix containing the results of any peer review conducted by another Office of Inspector General during the reporting period; or