LAW OFFICES

## WILLIAMS & CONNOLLY LLP®

RYAN T. SCARBOROUGH
(202) 434-5173
rscarborough@wc.com

680 MAINE AVENUE SW

WASHINGTON, DC 20024

202.434.5000

WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 1, 2026

**VIA ECF**

The Hon. Paul A. Engelmayer
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:    ***People of the State of New York et al. v. OneMain Holdings, Inc. et al.*, No. 1:26-cv-2117-PAE (S.D.N.Y.)**

Dear Judge Engelmayer:

On March 16, 2026, the Attorney General of New York, along with Attorneys General from twelve different states, initiated this action against OneMain. ECF No. 1. The States assert eight claims under the federal Consumer Financial Protection Act ("CFPA") and twelve divergent state-law claims. The allegations of the Complaint leave no doubt that the States seek to relitigate conduct already adjudicated and resolved by OneMain and the Consumer Financial Protection Bureau ("CFPB") in a May 2023 Consent Order, and to penalize OneMain for now engaging in the very practices *required* by that Consent Order. The States' claims not only second-guess decisions made by the CFPB, they inappropriately rely on the exercise of powers reserved solely to the CFPB—namely, the power to bring nationwide claims in a single forum. Indeed, many of the State Attorneys General, including that of New York, lack even their own state's authority to bring these claims and thus have no standing under federal law.

Any discovery in this matter should be stayed until the Court can rule on these important threshold issues. Therefore, Pursuant to Local Civil Rule 37.2 and Rule 2.E of the Court's Individual Rules and Practices in Civil Cases, Defendants OneMain Holdings, Inc.; OneMain Finance Corporation; OneMain Consumer Loan, Inc.; OneMain Financial Holdings, LLC; OneMain Financial Group, LLC; and OneMain Financial, Inc. (collectively, "OneMain") respectfully request that the Court stay discovery, including initial disclosures, until resolution of OneMain's motion to dismiss or to strike, ECF No. 102 (the "Motion").[1]

---

[1] On May 6, 2026, OneMain engaged in good faith discussions with the States pursuant to Federal Rule of Civil Procedure 26(f), but the parties remain at an impasse with respect to OneMain's request to stay discovery. The States oppose this request.

WILLIAMS & CONNOLLY<sub></sub>LLP®

June 1, 2026
Page 2

## I.    ARGUMENT

Under Federal Rule of Civil Procedure 26(c), this Court has "considerable discretion" to stay discovery for "good cause." *Gastineau v. ESPN Inc.*, 2025 WL 2733155, at *1 (S.D.N.Y. Sept. 24, 2025). To determine whether to stay discovery pending resolution of a motion to dismiss, courts in this District consider three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Druckman v. Morgenstern*, 2026 WL 791896, at *1 (S.D.N.Y. Mar. 20, 2026).

All three factors favor granting the requested stay. *First*, the Motion squarely raises meritorious threshold defenses of lack of jurisdiction, preclusion, improper venue, and lack of standing—each of which should be resolved in OneMain's favor, and dispose of the claims in their entirety or in substantial part, thereby rendering discovery premature and inappropriate. *Second*, absent a stay, OneMain would face a substantial burden of responding to merits discovery across twenty causes of action asserted by thirteen States that are likely to be either mooted or substantially narrowed upon resolution of the Motion. *Third*, the States will not suffer any prejudice from a brief stay requested here—the States already have substantial discovery through subpoenas and civil investigative demands after years of investigation and have identified no time-sensitive, additional discovery needs that would be compromised by a limited stay.

### A.    Strength of OneMain's Motion

A party seeking to stay discovery pending resolution of a motion to dismiss need only show that the motion's arguments are "potentially dispositive" and "appear[] to be not unfounded in the law." *Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). Indeed, the Court need not "predict the outcome" of OneMain's Motion; a stay is warranted so long as "an initial review of the arguments presented in its support suggest that none are frivolous." *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016). Courts in this District routinely grant a stay of discovery where a motion to dismiss raises threshold issues, such as determining "where th[e] case will be litigated," *Sigma Lithium Corp. v. Gardner*, 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024), or whether jurisdiction exists, *Gastineau*, 2025 WL 2733155, at *2. OneMain's Motion readily satisfies this standard.

*First,* the Court lacks jurisdiction over the States' claims seeking to force OneMain to act in direct contravention of the Consent Order. ECF No. 103 at 4-9. Under well-established law, parties may not be penalized for complying with a valid consent order. *See id.* at 4-6 (citing cases). Because the bulk of the Complaint—*e.g.*, claims regarding "bait and switch" allegations—directly challenges the very actions mandated by the Consent Order, the Motion presents strong grounds to strike those allegations and dismiss the corresponding claims for lack of jurisdiction.

*Second*, the CFPA claims brought by the States are duplicative of the claims previously asserted and adjudicated by the CFPB, which were resolved by the May 2023 Consent Order. *Id.* at 9-14. Those claims are barred by *res judicata*. *Id.*

*Third*, under the plain language of the CFPA, States may not bring CFPA claims in any venue other than their own state or federal courts. *Id.* at 17-21.

WILLIAMS & CONNOLLY LLP®

June 1, 2026
Page 3

*Fourth*, at least five of the States (New York, Wisconsin, Nevada, Oklahoma, and Pennsylvania) lack standing to assert CFPA claims because the Attorneys General of those States lack authority from their respective legislatures to bring such claims. *Id.* at 21-27.

*Fifth*, if the Court dismisses the federal claims, all remaining claims are subject to dismissal for lack of subject matter jurisdiction. *Id.* at 33.

In short, OneMain's Motion makes a strong showing that the States' claims are not meritorious, and a grant of the requested stay is warranted here. *See Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *5 (S.D.N.Y. Dec. 21, 2020) (strength of defendant's arguments to dismiss claims for lack of subject matter jurisdiction "weigh[ed] in favor of granting a stay"); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay where "at th[e] preliminary stage th[e] defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims").

### B.    Breadth and Burden of Discovery

The scope and breadth of the anticipated discovery and the burden it would entail favor a stay. This Court has recognized that a stay is warranted where, as here, the anticipated discovery would encompass "sizable volumes of physical and electronic documents held by multiple custodians" across a "lengthy" timeline, and a motion to dismiss "ha[s] the capacity to meaningfully reduce the scope of discovery." *Druckman*, 2026 WL 791896, at *2.

Absent a stay, OneMain would be forced to produce vast quantities of documents and data across multiple years, including the personally identifiable information of *tens or hundreds of thousands* of individual customers, relating to *thirteen* separate jurisdictions on *twenty* separate claims that OneMain's Motion is likely to narrow or eliminate entirely. The States have already made clear that they seek extensive discovery, requesting that each side be permitted to take *fifty* depositions. Ex. A (May 4, 2026 email from P. Gibson). The breadth and burden of discovery at this stage of the litigation favor a stay. *See Gastineau*, 2025 WL 2733155, at *2 (granting stay where "four defendant groups" faced burden of responding to interrogatories and document requests); *Thomas Windows, Inc. v. S. & J. Sheet Metal Supply, Inc.*, 2026 WL 962465, at *2 (S.D.N.Y. Apr. 9, 2026) (capacity of discovery to "drain the parties' resources" warranted a stay).

### C.    No Unfair Prejudice

The States already have substantial discovery from OneMain after years of investigation, and a modest stay to determine whether, as a threshold matter, any of these anomalous claims can be brought in this multistate action would not prejudice them. Under the proposed briefing schedule, the Motion will be fully briefed by mid-July. "[T]he stay requested by [OneMain] will likely delay the commencement of discovery for only a few months" and "will therefore not prejudice [the States] to any degree." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *Druckman*, 2026 WL 791896, at *2 ("mere passage of time 'cannot itself constitute prejudice sufficient to defeat a motion to stay discovery'").

## II.    CONCLUSION

For the foregoing reasons, the Court should stay discovery, including initial disclosures, pending resolution of OneMain's Motion.

WILLIAMS & CONNOLLY LLP®

June 1, 2026
Page 4

Respectfully submitted,


*/s/ Ryan T. Scarborough*
Ryan T. Scarborough


Cc: All counsel of record (via ECF)