

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

PATRICK GIBSON
ASSISTANT ATTORNEY GENERAL
(212) 416-6067
PATRICK.GIBSON@AG.NY.GOV

June 4, 2026

**By Electronic Filing**

Hon. Paul A. Engelmayer
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: ***People of the State of New York, et al. v. OneMain Holdings, Inc. et al.*, No. 1:26-cv-2117-PAE (S.D.N.Y.)**

Dear Judge Engelmayer,

Plaintiffs the Attorneys General of New York, Pennsylvania, Colorado, Maryland, Nevada, New Hampshire, New Jersey, North Dakota, Oklahoma, South Dakota, Virginia, Washington, and Wisconsin (collectively the "States") respectfully write in opposition to OneMain's motion for a stay of discovery pending the resolution of its motion to dismiss or strike (the "Motion"). ECF No. 105.

The States have sued to enjoin OneMain's predatory practices of packing add-on products into consumers' already expensive subprime loans without their informed consent and misleading them into costly refinances. OneMain's illegal conduct, as alleged in the Complaint, is ongoing. The financially vulnerable consumers who make up OneMain's customer base incur daily injury. And OneMain's practices are distorting the States' economic marketplaces.

OneMain now seeks to stay even basic and unburdensome discovery, including the exchange of initial disclosures, while the Court considers its Motion. But all of the factors that courts in this District consider in evaluating a stay motion weigh against granting OneMain's application. *First,* the procedural and jurisdictional arguments in OneMain's Motion are weak, and many of them have already been rejected in prior litigation. *Second,* OneMain cannot show undue burden. The States have not yet propounded any discovery requests and are willing to confer with OneMain to address any legitimate burden concerns in a manner that will allow the remainder of discovery to proceed expeditiously once the court resolves the Motion. *Third,* delay will prejudice the States because OneMain's illegal conduct is causing continuing injury to the

June 4, 2026
Page 2

States, their residents, and OneMain's competitors.

## I.      ARGUMENT

As this Court has noted, "It is well-settled that the issuance of a stay of discovery pending the outcome of a motion to dismiss is by no means automatic." *Choudhury v. NYC Health & Hosps. Corp.* 2025 WL 2977837, at *1 (S.D.N.Y. Oct. 22, 2025) (citation omitted). "Accordingly, discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Bennett v. Cuomo*, 2023 WL 2021560, at *1 (S.D.N.Y. Feb. 15, 2023) (citation omitted). The party seeking a stay "bears the burden of demonstrating good cause." *Choudhury*, 2025 WL 2977837, at *1 (citation omitted). In evaluating whether the defendant has met that burden, courts consider (1) whether it has made a "strong showing" that plaintiffs' claims are "unmeritorious," (2) the breadth and burden of responding to discovery, and (3) the risk of unfair prejudice to the non-moving party. *Id.* (citation omitted).

### A.  OneMain's Motion Is Extraordinarily Weak

As will be addressed in more detail in the States' forthcoming opposition brief, OneMain's Motion does not come close to making a "strong showing" that the States' claims are "unmeritorious." This factor weighs heavily against the grant of a stay.

*First*, OneMain leads with a puzzling argument that the unlawful add-on packing conduct alleged in the Complaint is *required* by a May 31, 2023 Consent Order with the Consumer Financial Protection Bureau ("Consent Order"). ECF No. 103 at 4-9. But the States do not allege that the conduct prescribed by the Consent Order is unlawful. The Consent Order, of course, does not require add-on packing. OneMain is not required, for example, to "pack[] add-on products into consumers' loans without their knowledge," to "tell[] consumers that add-on products are required to obtain the loan," to "charge[] consumers for add-ons even if the consumer declines them," or to "rush through the documents containing the dense terms and conditions of the add-ons." ECF No. 1 ¶¶ 90, 105. In fact, many of the unlawful practices alleged in the Complaint are *violations* of the Consent Order. *Compare, e.g.*, Consent Order, ECF No. 104-1, ¶ 75 ("Respondent must enhance and maintain policies and procedures to prevent and detect Improper Sales Acts or Practices."), *with* Complaint, ECF No. 1 ¶ 10 ("OneMain has constructed a loan closing process that enables and promotes its add-on packing.").

*Second*, OneMain's argument that the Consent Order precludes the States' claims concerning pre-Consent Order conduct is without merit. ECF No. 103 at 9-14. The States and the CFPB are not in privity for *res judicata purposes*. And the Consent Order, which was additionally heavily focused on interest-refund practices not at issue here, explicitly disclaims the preclusive effect OneMain attempts to graft onto it. In any event, the States have pleaded many facts regarding OneMain's conduct in the three years after the entry of the Consent Order.

*Third*, OneMain's argument that the textually permissive Consumer Financial Protection Act ("CFPA") venue provision, 12 U.S.C. § 5552(a)(1), restricts, rather than supplements, the general venue statute, 28 U.S.C. § 1391(b), is contrary to the text of the CFPA and the relevant caselaw. ECF No. 103 at 17-21. Two courts recently rejected this exact argument. *See Pennsylvania by Shapiro v. Mariner Fin., LLC*, 711 F. Supp. 3d 463, 482 (E.D. Pa. 2024);

June 4, 2026
Page 3

*Tennessee ex rel. Skrmetti v. Ideal Horizon Benefits, LLC,* 2024 WL 4351650, at *8 (E.D. Tenn. Sept. 30, 2024).

OneMain's other arguments fare no better. OneMain posits, through an implausible chain of inferences, that the CFPA's direct grant of authority to the States to enforce the CFPA is ineffective without state legislatures duplicating that grant of authority. ECF 103 at 21-27. And OneMain's argument that the States cannot enforce the Truth in Lending Act through the CFPA is "a statutory construction directly at odds with the CFPA statutory landscape." *Mariner Fin.*, 711 F. Supp. 3d at 482. In any event, these and the other arguments directed at individual claims would not dispose of, or materially modify, the breadth of this action so as to justify the wholesale discovery stay OneMain seeks.

## B. Any Breadth or Burden Concerns Can Be Resolved by the Parties

Courts "look to whether discovery would reach such a wide breadth that good cause for a stay exists." *Choudhury,* 2025 WL 2977837, at *4 (citation omitted). "[C]ourts have declined to issue a stay where defendants fail to show why discovery would be burdensome." *Id.*

OneMain's speculation that early discovery will be burdensome does not justify a wholesale stay of discovery. OneMain is a sophisticated publicly traded company that is capable of complying with targeted discovery requests during the early stage of litigation. The States have not yet propounded any requests due to OneMain notifying the States at the Rule 26(f) conference of its intent to file this motion. As a result, OneMain cannot "describe concretely the nature or volume of the discovery demands" that it speculates would be burdensome. *Id.* The States are willing to confer with OneMain to address any legitimate burden concerns once the States propound discovery requests. *See Leadenhall Cap. Partners LLP v. Wander*, 2024 WL 4904711, at *2 (S.D.N.Y. Nov. 26, 2024) ("Any issues with respect to the burden of the discovery … should be resolved by counsel during discussions amongst counsel…"). Many areas of early discovery, such as initial disclosures, initial interrogatory responses, and targeted productions of documents, are not unduly burdensome for a company of OneMain's size. And as discussed above, OneMain's Motion is unlikely to materially narrow the claims in this litigation.

## C. Delay in Beginning Discovery Will Unfairly Prejudice the States

OneMain's unlawful add-on packing and deceptive practices are ongoing at its more than 1,300 nationwide branches. The company's conduct harms the States and their residents every day that it continues. That the States have obtained limited pre-suit discovery is immaterial to this prejudice. The parties should begin the initial aspects of the discovery process now in order to complete it expeditiously. *See id.* at *2 ("discovery promises to be time-consuming, and it is appropriate for the parties to begin the process of locating and producing documents."). Moreover, "even where no unfair prejudice has been shown, lack of prejudice alone does not merit a stay where the other factors weigh against the movant." *Choudhury*, 2025 WL 2977837, at *5 (citation omitted).

## II.    CONCLUSION

For the foregoing reasons the Court should deny OneMain's application for a stay.

June 4, 2026
Page 4

Respectfully submitted,

*/s/ Patrick Gibson*
Patrick Gibson

Cc: All counsel of record (via ECF)