UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEOPLE OF THE STATE OF NEW YORK *et al.*,

Plaintiffs,

-v-

ONEMAIN HOLDINGS, INC. *et al.*,

Defendants.

26 Civ. 2117 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

This order resolves a discovery dispute in the above-captioned case, in which argument on defendants' pending motion to dismiss is scheduled for Tuesday, July 21. Defendants—OneMain Holdings, Inc., OneMain Finance Corporation, OneMain Consumer Loan, Inc., OneMain Financial Holdings, LLC, OneMain Financial Group, LLC, and OneMain Financial, Inc. (collectively "OneMain")—move for an order staying discovery, including initial disclosures, pending resolution of the pending motion. Dkt. 105. Plaintiffs oppose. Dkt. 109.

Federal Rule of Civil Procedure 26(c) affords a court considerable discretion to stay discovery upon consideration of: (1) the breadth of discovery sought, (2) any prejudice that would result to the party opposing the stay, and (3) the strength of the pending motion forming the basis of the request to stay. *See Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d. 675, 677 (S.D.N.Y. 2018); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) ("*Hong Leong*"). A pending dispositive motion is not, in and of itself, an automatic ground for a stay. *See Gross v. Madison Square Garden Ent. Corp.*, No. 23 Civ. 3380, 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023). A court instead is to consider the "particular circumstances and posture of each case," including whether there has been "a strong

showing that the plaintiff's claim is unmeritorious." *Hong Leong*, 297 F.R.D. at 72 (quoting

*Telesca v. Long Island Hous. P'ship, Inc.,* 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006));

*see also S.E.C. v. Citigroup Global Mkts. Inc.*, 673 F.3d 158, 162–63 (2d Cir. 2012).

The Court assumes familiarity with this case. In brief, plaintiffs—a coalition of 13

states—allege that OneMain, a non-bank lender, has surreptitiously charged consumers hundreds

or thousands of dollars for insurance policies and other "add-on products," depriving consumers

of the opportunity to make informed choices during loan origination and drastically increasing

their costs. Dkt. 1 ("Compl.") ¶¶ 4–5, 286–87. Plaintiffs bring six claims pursuant to the

Consumer Financial Protection Act ("CFPA"), 12 U.S.C. § 5552(a), and 14 claims under state

consumer protection laws. *Id.* ¶¶ 282–438. In moving for a stay of discovery, OneMain argues

that its motion to dismiss is strong; that discovery burdens are apt to be heavy, requiring

production of records from "hundreds of thousands of individual customers, relating to thirteen

separate jurisdictions on twenty separate claims"; and that a stay would present minimal risk of

prejudice, given that the states—using authority unavailable to private plaintiffs—undertook

extensive pre-suit discovery from "years of investigation." Dkt. 105. Plaintiffs oppose, terming

OneMain's motion to dismiss "extraordinarily weak," contending its concerns about discovery

breadth are premature, and arguing that a delay in commencing discovery will unfairly prejudice

them. Dkt. 109.

The Court does not prejudge OneMain's motion. The Court will be better positioned to

assess OneMain's motion after next week's argument. But, subject to reassessment thereafter,

the other factors strongly favor entry of a discovery stay pending resolution of the motion to

dismiss.

First, the burden presented by discovery in this case stands to be substantial. Relevant factors in assessing the likely burden include the number of defendants and claims, *HAHA Glob., Inc. v. Barclays*, No. 19 Civ. 4749, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020), the volume of plaintiff's discovery requests, *Mirra v. Jordan*, No. 15 Civ. 4100, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016), and the expense to defendants of responding to such requests, *Chrysler Cap. Corp. v. Century Power Corp.*, 137 F.R.D. 209, 210 (S.D.N.Y. 1991). Plaintiffs here have projected 50 depositions per side, and they anticipate that fact and expert discovery will take 15 and six months, respectively. Dkt. 105-1 at 1. Those figures far exceed those in ordinary civil litigation. Plaintiffs' Complaint underscores the likely scale of discovery, insofar as it pleads or implies that its claims implicate transactions with thousands of customers and practices at "more than 1,300 branches across 44 states" of "one of the [nation's] largest non-bank installment lenders." Compl. ¶ 65. That there are six defendants, *id.* ¶¶ 59–64, and 20 claims, including under distinct state laws, *id.* ¶¶ 282–438, reinforces discovery's likely scale.

The Court is thus unpersuaded by plaintiffs' argument that it is premature to assess the "nature or volume" of discovery. Dkt. 109 at 3. To the contrary, in light of plaintiffs' sweeping claims, this litigation, as presently configured, assuredly will entail capacious discovery. *Choudhury v. NYC Health & Hosps. Corp.*, No. 25 Civ. 5240 (PAE), 2025 WL 2977837, at *4 (S.D.N.Y. Oct. 22, 2025); *see Amron v. 3M Minnesota Mining & Mfg. Co.*, No. 23 Civ. 8959, 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) ("the breadth of discovery here, as presented by Defendant, favors a stay because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided."). To be sure, defendant's motion to dismiss—which makes a range of arguments, including based on the effect of a consent decree, *res judicata*, and improper venue—has the capacity to prune this

3

litigation (and consequent discovery) materially. But that possibility is an argument for, not against, staying discovery until resolution of these motions clarifies the parameters of the case. *See, e.g.*, *Brockmole v. EZ Festivals, LLC*, No. 23 Civ. 8106, 2026 WL 1760122, at *1 (S.D.N.Y. June 18, 2026) (a court is "more likely" to grant a stay where a motion to dismiss is pending that presents an "array of complex issues" to be resolved); *Major, Lindsey & Africa, LLC v. Mahn*, No. 10 Civ. 4329, 2010 WL 3959609, at *2 (S.D.N.Y. Sept. 7, 2010) (staying discovery in RICO action with pending motion to dismiss given case's complex nature and discovery burdens); *Luxury Cars of Bayside, Inc. v. BMW of N. Am., LLC*, No. 26 Civ. 163, 2026 WL 592530, at *6 (E.D.N.Y. Mar. 3, 2026).

As to the risk of unfair prejudice from a discovery stay, such is limited. OneMain does not claim any prejudice to itself from a stay. And plaintiffs had the opportunity to take pre-suit discovery and obtained such. *See* Dkt. 109 at 3; Dkt. 105 at 3. Such, presumably, has supplied plaintiffs with evidence to support the rudiments of their claims. No party argues that there is a meaningful risk that witnesses' memories as to important matters will fade over time, that important evidence will disappear, or that a delay in initiating and completing discovery is likely to result in materially heightened discovery costs. *See, e.g.*, *Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17 Civ. 6334, 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020); *Choudhury*, 2025 WL 2977837, at *5. Nor is the stay apt to be very long. The motion to dismiss is fully briefed and will be argued in one week, and the Court's intention is to resolve it with dispatch. A stay thus will not work unfair prejudice. *See, e.g.*, *In re Towers Fin. Corp. Noteholders Litig.*, No. 93 Civ. 810, 1996 WL 622386, at *2 (S.D.N.Y. Jan. 29, 1996) (noting a court's discretion to stay discovery pending the determination of a dispositive motion, especially where the stay is for

4

a short period and the plaintiff will not be prejudiced); *Choudhury*, 2025 WL 2977837, at *5 (same).

The Court thus grants OneMain's motion for a stay of discovery pending resolution of its motion to dismiss. This order is without prejudice to plaintiffs' right to move to lift the stay following argument.

SO ORDERED.

Paul A. Engelmayer
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: July 14, 2026
New York, New York

5