LAW OFFICES
# WILLIAMS & CONNOLLY LLP·

<div style="float:left">

RYAN T. SCARBOROUGH
(202) 434-5173
rscarborough@wc.com
</div>

680 MAINE AVENUE SW

WASHINGTON, DC 20024

202.434.5000

WWW.WC.COM

<div style="float:right">

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)
</div>

July 24, 2026

**VIA ECF**

The Hon. Paul A. Engelmayer
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:   ***People of the State of New York et al. v. OneMain Holdings, Inc. et al.*, No.
> 1:26-cv-2117-PAE (S.D.N.Y.)**

Dear Judge Engelmayer:

On March 16, 2026, the Attorney General of New York, along with Attorneys General from twelve different states (collectively "Plaintiffs"), initiated this action against OneMain. ECF No. 1. Defendants OneMain Holdings, Inc.; OneMain Finance Corporation; OneMain Consumer Loan, Inc.; OneMain Financial Holdings, LLC; OneMain Financial Group, LLC; and OneMain Financial, Inc. (collectively, "OneMain") filed a Motion to Dismiss the Plaintiffs' Complaint on June 1, 2026. ECF Nos. 102, 103. This Court heard oral arguments on OneMain's Motion to Dismiss on July 21, 2026. During oral argument, Your Honor ordered OneMain to file with the Court – under seal if necessary – the Compliance Plan required by the Consent Order issued by the Bureau of Consumer Financial Protection (the "CFPB"), *see* Consent Order ¶¶ 93-95.

Pursuant to Rules 4.B.2-3 of Your Honor's Individual Rules and Practices in Civil Cases, I write on behalf of OneMain requesting permission to file under seal the Compliance Plan and the CFPB's nonobjection letter to that Plan in connection with Defendants' Motion to Dismiss the Plaintiffs' Complaint. OneMain respectfully requests that the Court issue an order permitting OneMain to file the Compliance Plan and CFPB nonobjection letter under seal.

Under 12 C.F.R. § 1070.2(i)(1)-(3), Confidential Supervisory Information ("CSI") means:

(1) Reports of examination, inspection and visitation, non-public operating, condition, and compliance reports, supervisory letter, or similar document, and any information contained in, derived from, or related to such documents;

WILLIAMS & CONNOLLY LLP·

July 24, 2026
Page 2

(2) Any documents, materials, or records, including reports of examination, prepared by, or on behalf of, or for the use of the CFPB or any other Federal, State, or foreign government agency in the exercise of supervisory authority over a financial institution, and any information derived from such documents, materials, or records;

(3) Any communications between the CFPB and a supervised financial institution or a Federal, State, or foreign government agency related to the CFPB's supervision of the institution.

OneMain's Compliance Plan falls squarely into the definition of CSI because it was generated as an internal work plan as a part of OneMain's efforts to address the CFPB's supervisory concerns.  The information in OneMain's Compliance Plan is also derived from the types of documents, materials, and records described as CSI in 12 C.F.R. § 1070.2(i)(1)-(3).  OneMain, therefore, respectfully requests that the Compliance Plan and the CFPB nonobjection letter remain sealed in their entirety.

OneMain is available at the Court's convenience should Your Honor have any questions or wish to discuss this request.

Respectfully submitted,

/s/ Ryan T. Scarborough
Ryan T. Scarborough

Cc: All counsel of record (via ECF)

GRANTED.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: July 29, 2026
New York, New York